UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 25-21460-CIV-SMITH/HUNT
IN ADMIRALTY

ION INSURANCE COMPANY, INC.,

        Plaintiff,

vs.

RICH GUYS NICKEL, LLC,

        Defendant.

_____/

RICH GUYS NICKEL, LLC,

        Third-Party Plaintiff,

vs.

CASEY ALEXANDER PICKETT,

        Third-Party Defendant.

_____/

**REPORT AND RECOMMENDATION**

This Cause is before this Court upon Casey Alexander Pickett's Motion to Abate, or in the Alternative, Stay the Third-Party Action.  ECF No. 40.  The Honorable Rodney Smith, United States District Judge, referred this Motion to the undersigned United States Magistrate Judge for a report and recommendation.  ECF No. 22; *see also* 28 U.S.C. § 636(b); S.D. Fla. L.R., Mag. R. 1.  The undersigned, after having reviewed the Motion,

the Response,[1] and being otherwise duly advised in the premises, hereby RECOMMENDS that the Motion be GRANTED for the reasons stated below.

The Third-Party Defendant Casey Alexander Pickett (hereinafter "Movant") asks this Court to stay or abate the third-party action alleged by Defendant/Third Party Plaintiff (hereinafter "Respondent") because, Movant claims, the action is premature.  Citing the Florida Supreme Court's holding in *Blumberg v. USAA Casualty Insurance Co.*, 790 So. 2d 1061 (Fla. 2001), Movant argues that the cause of action alleged by Respondent has not accrued, and therefore the case should be stayed or abated until the cause does, in fact, accrue.

First, some background.  In the underlying case, Plaintiff ION Insurance Company asks this Court to find that an insurance policy issued by Plaintiff does not afford coverage to Respondent for Respondent's claims arising from the June 22, 2024, lightning strike incident.  ECF No. 1.  Respondent's third party-action alleges that Respondent relied upon Movant's representations when purchasing the ION insurance policy currently at issue.

"To establish a cause of action for negligent procurement of insurance under Florida law, a party must plead the following elements: existence of a legal duty of the defending party to protect the party seeking relief under the circumstances; negligent failure by the defending party to comply with the duty; injury to the party seeking relief as a result; and damages."  *Musashi AZ, LLC v. MarineMax E., Inc.*, No. 24-24250-CIV-GAYLES/SHAW-WILDER, 2026 WL 704637, at *2 (S.D. Fla. Feb. 23, 2026), *report and*

---

[1] Respondent askes this Court to consider its untimely response to Movant's Motion.  ECF No. 42.  The undersigned grants that Motion and has considered the attached Response, ECF No. 42-1, in making the following recommendation.

2

*recommendation adopted*, No. 24-24250-CIV-GAYLES/SHAW-WILDER, 2026 WL 700325 (S.D. Fla. Mar. 12, 2026) (quoting *Southtrust Bank & Right Equip. Co. of Pinellas Cnty., Inc. v. Exp. Ins. Services, Inc.*, 190 F. Supp. 2d 1304, 1309 (M.D. Fla. 2002)) (cleaned up).

In its Complaint, Respondent alleges as harm that:

32.  Due to PICKETT's failure to properly inform Third-Party Plaintiff of the deficiencies in the ION Policy, Third-Party Plaintiff has been rendered without coverage under the ION Policy.

33. As a direct and proximate result of PICKETT's breach of duty, the Third-Party Plaintiff has and will continue to sustain damages including, but not limited to:

  a.  Property damage costs arising from the Subject Incident;
  b.  Dockage during repair and other consequential and incidental damages;
  c.  Other damages which may be determined through discovery.

ECF No. 13 at 14.

In *Blumberg*, the Florida Supreme Court held that "a negligence/malpractice cause of action accrues when the client incurs damages." 790 So. 2d at 1065. That court held that "if a negligence/malpractice action is filed during the time that a related or underlying judicial proceeding is ongoing, then the defense can move for an abatement or stay of the claim on the ground that the negligence/malpractice action has not yet accrued." *Id.* The relevant question regarding a stay or abatement should be granted is whether "the related or underlying judicial proceeding will determine whether damages were incurred which are causally related to the alleged negligence/malpractice." *Id.*

Here, Respondent's damages will only accrue if Plaintiff's request for declaratory judgment is granted. This is precisely the situation contemplated by the *Blumberg* decision, which sought to "prevent inconsistent positions by an insured, such as when the

insured claims, on the one hand, that coverage exists, and, on the other, that coverage does not exist." *Penn-Am. Ins. Co. v. Edwards*, No. 309CV153/MCR/EMT, 2009 WL 1919353, at *2 (N.D. Fla. July 1, 2009).  Accordingly, Movant's Motion should be granted.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully RECOMMENDS that Casey Alexander Pickett's Motion to Abate, or in the Alternative, Stay the Third-Party Action, ECF No. 40, should be GRANTED.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** in Chambers in Ft. Lauderdale, Florida, on this 7th day of May 2026.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Rodney Smith
All counsel of record

4